IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

RODNEY SOULSBY, II,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Civil Action No. 5:17-cv-0054
                                   )
VICTOR LUDWIG, *et al*,            )        By:  Elizabeth K. Dillon
                                   )             United States District Judge
        Defendants.                )

**MEMORANDUM OPINION**

On June 1, 2017, plaintiff Rodney Soulsby, II (Soulsby) filed a *pro se* complaint naming

two parties as defendants: Ashlyn D. Soulsby (Ashlyn), his ex-wife, and Victor Ludwig, an

Augusta County, Virginia judge.  Soulsby's complaint, brought pursuant to 42 U.S.C. § 1983,

alleges that his right to due process was violated when Judge Ludwig signed an order of adoption

awarding Soulsby parental rights over a minor child without his consent.  He claims that Ashlyn,

who was then his wife, submitted a signature on adoption paperwork that was somehow forged

or fraudulent.  He complains that Judge Ludwig did not ensure that the adoption paperwork was

properly signed by Soulsby, witnessed, or notarized.  He thus alleges that the petition for

adoption was sought and approved without his permission and that he has now been required to

pay child support for this adopted child.

**A.  Pending Motions**

Pending before the court are two motions—a motion to dismiss by defendant Ashlyn

Soulsby (Dkt. No. 9) and a motion to amend the complaint by Soulsby.  Ashlyn argues that the

case should be dismissed on at least three different grounds.  First, she contends that plaintiff

lacks standing.  Second, she argues that Soulsby has failed to state a 42 U.S.C. § 1983 claim

against her. Third, she asserts that Soulsby's challenge to the adoption order is barred by the applicable statute of limitations. (Dkt. No. 9 at 1.)

Apparently responding to the motion to dismiss, Soulsby filed a motion to amend his complaint in which he asks that the court remove Ashlyn Soulsby as a defendant. (Dkt. No. 14.) Under Federal Rule 15(a)(1), a party is permitted to amend its pleading "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). The court concludes that Soulsby's motion to amend was filed within 21 days after service of a motion under Rule 12(b),[1] and thus that Soulsby has the right to amend "as a matter of course." *Id.* Accordingly, Soulsby's motion to amend (Dkt. No. 14) will be granted. Pursuant to the amendment, Ashlyn Soulsby will be dismissed without prejudice and terminated as a defendant in this case. Ashlyn Soulsby's motion to dismiss (Dkt. No. 9) will be denied as moot.

## B. § 1983 Claim Against Judge Ludwig

The court also has the obligation to determine whether the remaining claim against Judge Ludwig should be permitted to proceed. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (recognizing that, with regard to *in forma pauperis* complaints, district courts have a duty to screen initial filings, and so can consider certain defenses *sua sponte*). Specifically, pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a

---

[1] The motion to dismiss was filed on July 10, 2017, and the original certificate of service stated that defense counsel served Soulsby by filing the document and allowing the CM/ECF system to send notification to him. But Soulsby—a non-attorney *pro se* litigant—is ineligible to receive electronic notices through the CM/ECF system. Accordingly, the clerk mailed Soulsby a copy of the motion to dismiss on July 10, 2017, along with a notice informing him he had to file any response by August 3, 2017. (Dkt. No. 12.) Defense counsel subsequently filed a corrected certificate of service stating that the motion to dismiss was mailed to Soulsby on July 13, 2017. (Dkt. No. 13.) Using either the clerk's notice as the date of service or the July 13, 2017 date he was served by defense counsel, Soulsby's motion to amend was filed within "21 days after service" of the Rule 12(b) motion. *See* Fed. R. Civ. P. 6(d) (giving an additional three days to act when service is made by mail).

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). In evaluating

Soulsby's *pro se* complaint, the court must construe the complaint liberally, holding it to "less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (citation omitted). Nonetheless, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A review of the face of Soulsby's complaint shows that his claim against Judge Ludwig

suffers from at least two flaws that require its dismissal. First of all, it appears from the face of

the complaint that Soulsby's claim is barred by the applicable statute of limitations. *See Eriline

Co. S.A.*, 440 F.3d at 656–57 (explaining that a district court can raise a statute of limitations

defense *sua sponte* in evaluating complaints filed *in forma pauperis* if the defense appears on the

face of the complaint); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953–54 (4th

Cir. 1995) (affirming *sua sponte* dismissal of claim on limitations grounds because the face of

the complaint plainly revealed the existence of the defense).

A § 1983 action brought in a Virginia federal court is governed by the two-year state

statute of limitations for personal injuries. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342,

348 (4th Cir. 2011) ("With regard to the § 1983 . . . claims, the statute-of-limitations period . . . is

two years."). Federal law determines when the statute beings to run, and the latest event it could

run from here is Soulsby's discovery of the adoption order. *Id.* ("A civil rights claim accrues

when the plaintiff "knows or has reason to know of the injury which is the basis of the action.")

(quotation marks and citation omitted).

The adoption order was signed in July 2013, and Soulsby's complaint explicitly states

that he learned about the order in March 2015. (Compl. 8, Dkt. No. 3) He did not file this

action, however, until July 2017, more than two years later.  Accordingly, any claim challenging the propriety of the July 2013 order must be dismissed as time-barred.[2]

Secondly, and as an independent ground for dismissal, the claim against Judge Ludwig is barred by the doctrine of judicial immunity.  *See Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (affirming district court's *sua sponte* dismissal of § 1983 claims against a state judge based on the doctrine of judicial immunity); *Rice v. Bennett*, No. 08-cv-1015, 2008 WL 5484115, at *2 (D. Md. June 2, 2008) (dismissing *sua sponte* claim against defendant entitled to judicial immunity).  Judicial immunity confers on judicial officers absolute immunity from suits for monetary relief and any claim for injunctive relief under 42 U.S.C. § 1983.  *Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) (per curiam) (holding that the plaintiff's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"); *Malave v. Abrams*, 547 F. App'x 346, 347 (4th Cir. 2013) (acknowledging prior authority that judicial immunity did not apply to claims for injunctive relief, but noting that Section 1983 was amended in 1996 to provide that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *see also King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (describing judicial immunity under federal law).  Although he seeks "declaratory relief" invalidating the order of adoption, as well as injunctive relief and damages (Compl. 9), Soulsby has not alleged that a declaratory decree was violated or that such relief was unavailable.  *See Murphy v. Ross*, No. 3:14-CV-870, 2015 WL 1787351, at *3 (E.D. Va. Apr. 15,

---

[2] It appears that Soulsby also may be challenging the order that he pay child support, which was issued in January 2016.  Even if a claim based on that order is not time-barred, it still cannot succeed against Judge Ludwig due to judicial immunity, as discussed next.  Furthermore, as noted in the court's recent memorandum opinion in a related case in which Soulsby sought to challenge his child support obligations, this court has no jurisdiction to "grant divorces, determine alimony or support obligations, or determine child custody rights."  *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982).  *See Soulsby v. Soulsby*, No. 5:17-cv-56 (W.D. Va. June 12, 2017) (Mem. Op. Dismissing Case at 3).

2015) (explaining, in the context of Section 1983 claim, the meaning of declaratory decrees or declaratory relief being unavailable). Thus, if Judge Ludwig has judicial immunity, it bars the claim against him here.

There are two possible exceptions to judicial immunity. Specifically, it does not shield a judge for (1) non-judicial acts; or (2) acts taken in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither exception applies here, though. As to the first, an act is a judicial one if it is "normally performed by a judge" and "the parties dealt with the judge in his or her judicial capacity." *King*, 973 F.2d at 357 (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). Soulsby challenges only actions by Judge Ludwig that were judicial acts—the signing of orders in a judicial proceeding in which Soulsby was a party—so the exception for non-judicial acts clearly does not apply.

Soulsby does not allege an absence of jurisdiction, either. Instead, Soulsby alleges that Judge Ludwig (1) failed to ensure the petition for adoption was properly signed, witnessed, and notarized; and (2) failed to correct his error even after acknowledging it, and ordered Soulsby to pay child support anyway. But neither of these allegations render judicial immunity inapplicable. Notably, judicial jurisdiction is "construed broadly," and a judge will not lose immunity merely "because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. As the Fourth Circuit has explained, "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors.'" *King*, 973 F.2d at 357 (quoting *Stump*, 435 U.S. at 359). "The errors do not render the act any less judicial, nor permit a determination that the court acted in the absence of all jurisdiction." *Id.*; *see Mireles*, 502 U.S. at 12 (concluding that a judge's alleged direction to the police to bring

an attorney in the pending case before him and to use excessive force in doing so was a "judicial act," despite it being in excess of his authority). Even if, as Soulsby alleges, Judge Ludwig erred in performing his duties, he is still entitled to absolute immunity in this case.

For the foregoing reasons, Soulsby's claim against Judge Ludwig will be dismissed.

CONCLUSION

As discussed herein, Soulsby's motion to amend will be granted, and Ashlyn Soulsby will be terminated as a defendant. Ashlyn Soulsby's motion to dismiss will be denied as moot, and the claim against Judge Ludwig will be dismissed. An appropriate order will be entered.

Entered: August 17, 2017.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge